# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALPHONSE EDOUARD,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF LONG BRANCH and JOHN BUTOW,<br><br>*Defendants.* | Civil Action No.: 3:17-cv-3582 (PGS)(TJB)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on defendants' Motion for Partial Dismissal of Plaintiff's Second Amended Complaint. Plaintiff Alphonse Edouard, pro se, filed this second amended complaint against the City of Long Branch (Long Branch) and the City's Tax Assessor, John Butow, alleging violations of 42 U.S.C. § 1983 and the Open Public Records Act, N.J.S.A. § 47:1A-1 to -13. (2nd Am. Compl. ("SAC"), ECF No. 43).

I

In his complaint, Plaintiff sets forth the following facts. Plaintiff owns a 2,589 square foot condominium located in Long Branch, New Jersey. (*Id.* at ¶¶ 4, 15). On November 23, 2016, Plaintiff was notified that the appraised value of his condominium had increased to $771,000, when the value had previously been assessed at $660,000. (*Id.* at ¶ 19). Plaintiff thereafter contacted Long Branch's City Manager, Kevin Hayes, to request information about why the assessed value of his condominium had increased. (*Id.* at ¶ 20). Plaintiff informed Hayes this his neighbor's condominium had a lower assessment ($46,000) and that unit faces the ocean and has

1

more square footage than his condominium. (*Id.* ¶ 21). Plaintiff alleges that despite efforts to speak with Hayes, he was ignored. (*Id.*)

Plaintiff also reached out to Defendant John Butow, Long Branch's Tax Assessor, in an attempt to determine "the method used to value his condominium." (*Id.* at ¶ 22). Plaintiff alleges that Butow refused to meet with him or respond to his questions. (*Id.*) Finally, Plaintiff alleges that he wrote to Mayor Adam Schneider to inform him that Butow had refused to meet with him about his tax assessment. (*Id.* at ¶ 23). Plaintiff claims that the Mayor and Counsel did not respond to his letter. (*Id.*) In an attempt to contact Mayor Schneider, Plaintiff contacted the Mayor's office, where he again spoke to Hayes, who "cursed" at him and "hung up the phone." (*Id.* at ¶ 24).

Plaintiff is a Haitian-American, and a practicing Roman-Catholic. (*Id.* at ¶ 16). In the past, he has litigated claims against Long Branch, during which time he alleges that the City Officials "became familiar with Plaintiff's ethnic and religious identity." (*Id.* at ¶ 17). Plaintiff alleges that non-Jewish minorities are "consistently charged substantially more in taxes for properties that were traditionally lower in value." (*Id.* at ¶ 25). To support this contention, Plaintiff explains that on January 19, 2016, Susan Hodes, the owner a neighboring condominium, informed Plaintiff that she was able to lower her tax assessment by meeting with Butow. (*Id.* at ¶ 26). Hodes is "Jewish and Caucasian." (*Id.*) Plaintiff claims that they both are "similarly situated" because they both own similar property, and both require the services of the tax assessor in relation to their property. (*Id.* at ¶ 27). Plaintiff alleges that "Defendants denied him the services that they extended to Ms. Hodes on account of his religion, ethnicity, and skin color." (*Id.* at ¶ 28).

Plaintiff alleges the following counts in his amended complaint: (1) violation of his right to Procedural Due Process against all Defendants; (2) violation of his right to Equal Protection (Religion) against Representative McClinton;[1] (3) violation of his right to Equal Protection Violation (Ethnicity) against Defendants; (4) Discrimination in Real-Estate Related Transactions Against all Defendants (42 U.S.C. § 3605); and (5) and a violation of the Open Public Records Act. N.J.S.A § 47:1A-1.

## II

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Third Circuit set forth a three-part analysis for determining whether not a complaint may survive a motion to dismiss for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where

---

[1] Count II of Defendant's complaint asserts a claim against "Representative McClinton." Plaintiff does not identify who this individual is or how this individual violated § 1983. Nowhere else in Plaintiff's complaint or subsequent briefing is this individual identified. Federal Rule of Civil Procedure 10(a) requires that the caption of the complaint name all of the parties to the action. Fed. R. Civ. P. 10(a). "However, failure to list a party in the caption is not fatal, as long as other indicia provide actual notice of the identity of the parties." *Abbott v. Atl. City*, No. 11-4851, 2017 U.S. Dist. LEXIS 44205, at *10 n.4 (D.N.J. Mar. 27, 2017) (citing *Prisco v. N.Y.*, 804 F. Supp. 518, 521 (S.D.N.Y.1992); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1321 (2d ed. 1990)). Courts have looked to "pleadings, service of process and other indications of the intent of the pleader to determine whether a party is a proper defendant." Id. Here, plaintiff's caption to his complaint does not name "Representative McClinton," nor does Count II of his complaint provide any further details which could help identify this individual. Plaintiff also did not make any attempt to serve this individual with summons. For these reasons, there is no indicia that provides actual notice of the identity of this party, and Count II of plaintiff's complaint is dismissed.

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

"This means that [the] inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied*, 531 U.S. 1149 (2001).

"The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the

speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

III

Defendants argue that Plaintiff's § 1983 claims are barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. The TIA states that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." While § 1983 claims are not expressly addressed in the TIA, the Supreme Court has held that, in challenges to the administration of state tax laws, "the principle of comity bars federal courts from granting damages relief in such cases . . . ." *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 107 (1981). "Thus, even though the TIA expressly prohibits a federal court from providing declaratory relief in state tax cases, the principle of comity supplements the [TIA] and bars federal courts from awarding monetary damages in state tax disputes." *Russo v. Twp. of Plumsted*, No. 13-5082, 2014 U.S. Dist. LEXIS 94318, at *20 (D.N.J. July 11, 2014) (quotation omitted). § 1983 claimants "must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete[.]" *Fair Assessment in Real Estate Ass'n*, 454 U.S. at 116. "The critical criterion as to the adequacy of the remedy available to the taxpayers is not the relief which they can obtain in [State court] proceedings, but whether [the State] provides a forum for presentation of their claims." *Hardwick v. Cuomo*, 891 F.2d 1097, 1106 (3d Cir. 1989). Thus, a "remedy will be sufficient if it provides the taxpayer with a full hearing and judicial determination' at which [the taxpayer] may raise any and all constitutional objections." *Hardwick*, 891 F. 2d at 1105 (quoting *Cal. v. Grace Brethren Church*, 457 U.S. 393, 412 (1982)). "As a threshold matter, the Court must determine whether Plaintiff's § 1983 claim is a challenge to a state tax assessment, or brought

5

under § 1983 to redress alleged constitutional violations." *Russo*, No. 13-5082, 2014 U.S. Dist. LEXIS 94318, at 22 (citing *Frybarger*, 2006 U.S. Dist. LEXIS 93365, at *8).

Defendants argue that Plaintiff's claims should be dismissed based on the TIA, as an adequate remedy exists in State court, in the form of a tax appeal or "other appropriate relief." In his complaint, Plaintiff alleges "lack of services" by Defendant Butow, and that he was denied these services based on his religion, ethnicity, and skin color. (SAC at ¶¶ 26, 27, 28, 30). The "services" Plaintiff alleges include: (1) he was denied the opportunity to meet with Defendant Butow; and (2) he was denied the opportunity to review comparables, which he alleges would allow him to properly defend his tax appeal. Thus, it is clear that Plaintiff's is bringing this suit in an effort to challenge the validity of the procedures implemented and the determinations made by the Tax Assessor, Defendant Butow, and to recover the money he expended in taxes that he alleged were unfairly assessed. (*See* Compl., ECF No. 43, at ¶ 34 (Count I); ¶ 40 (Count II); and ¶¶ 48, 50, 51 (Count III)).

Plaintiff also alleges that any state remedies are inadequate.[2] However, "[t]o be adequate, a state remedy need only satisfy 'minimal *procedural* criteria.'" *GMC v. City of Linden*, 143 N.J. 336, 347 (1996) (citation omitted) (emphasis in original). In *GMC*, the plaintiffs sued the defendant city under 42 U.S.C. § 1983, alleging that the defendant city, its tax assessor, and others assessed its assembly plant at an excessive rate, thereby violating their due process rights. *Id.* at 339. Recognizing that New Jersey law provides taxpayers with grounds to contest the

---

[2] Plaintiff's reliance on *Garrett v. Bamford*, 538 F.2d 63 (3d Cir. 1976) is misplaced. In *Garrett*, the Third Circuit concluded that Pennsylvania law failed to provide a sufficient remedy for the plaintiffs, since a group of aggrieved taxpayers would not be able to bring a class action suit in state court. *Id.* at 72. Therefore, based on the lack of class action relief, the Third Circuit found the TIA did not bar the plaintiffs' cause of action. *Id.* However, when the lawsuit was again presented to the Third Circuit two years later, Pennsylvania had amended the tax code to permit aggrieved taxpayers to file class action lawsuits. *See Garrett v. Bamford*, 582 F.2d 810 (3d Cir. 1978). Therefore, the court concluded that plaintiffs failed to establish that the state system was fatally insufficient and affirmed the district court's dismissal. *Id.* at 817.

constitutionality of a tax assessment, the New Jersey Supreme Court concluded that the plaintiff lacked standing to assert federal law claims, since there existed alternative state forums for raising its constitutional challenges. *Id.* at 349-50. Here, there are adequate state remedies available for Plaintiff's constitutional challenges to be heard. Specifically, N.J.S.A. § 54:4-63.11 provides taxpayers with an opportunity to contest tax assessments to their property. In short, because New Jersey law provides a plain, speedy, and efficient remedy, Counts I, II, and II the present matter are barred by the TIA, and must be dismissed.

IV

In his Second Amended Complaint, Plaintiff alleges that Defendants violated the Open Public Records Act ("OPRA"), N.J.S.A. §§ 41:1A-1 to -13, by failing to respond to his request for public records within seven days. (SAC at ¶ 60). Specifically, Plaintiff alleged he "submitted a request for public records to [Long Branch] when [he] requested information explaining why his condominium's assessed value increased." (*Id.* at ¶ 59). Plaintiff alleges that after learning of his increased property value assessment, he "contacted City of Long Branch's City Manager on December 27, 2016 and asked that he be provided with information explaining why his condominium's assessed value increased from $660,000.00 to $771,000.00." (*Id.* at ¶ 20).

The request for "an explanation" does not come within OPRA because the statute requires disclosure of documents; but it does not require an official to write an explanation. Moreover, the OPRA sets out a specific procedure for challenging a denial of access to a record, and a requestor may "institute a proceeding to challenge the custodian's decision by filing an action in Superior Court [of New Jersey]. . . [or by] filing a complaint with the Government Records Council." N.J.S.A. § 47:1A-6. New Jersey courts have applied a 45-day statute of limitations for OPRA actions. *See Mason v. City of Hoboken*, 196 N.J. 51, 68, 951 A.2d 1017, 1027 (2008). Here,

Plaintiff had 45 days to bring an appeal for the denial of any OPRA request he allegedly brought. Plaintiff filed this present lawsuit on April 19, 2017, long after the 45-day statute of limitation period for OPRA requests in New Jersey. Accordingly, Count V of Plaintiff's complaint is dismissed as it is barred by the statute of limitations for OPRA requests in New Jersey.

CONCLUSION

Defendants' Motion for Partial Dismissal of Plaintiff's Second Amended Complaint is GRANTED.

**ORDER**

This matter having come before the Court Defendants City of Long Branch and John Butow's Motion for Partial Dismissal of Plaintiff's Second Amended Complaint (ECF No. 44); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this _4th_ day of _December_, 2018,

**ORDERED** that Defendants Motion for Partial Dismissal of Plaintiff's Second Amended Complaint is **GRANTED**, as follows:

1. Count I (42. U.S.C. § 1983, Procedural Due Process Against all Defendants) is **GRANTED** in its entirety;

2. Count II (42 U.SC. § 1983, Equal Protection Violation (Religion) Against Representative McClinton) is **GRANTED** in its entirety;

8

3. Count III (42 U.S.C. § 1983, Equal Protection Violation (Ethnicity) Against Defendants) is **GRANTED** in its entirety;

4. Count V (N.J.S.A § 47:1A-1 (Open Public Records Act)) is **GRANTED** in its entirety.


_____
PETER G. SHERIDAN, U.S.D.J.