**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

February 10, 2020

**LETTER ORDER**

Re:   **Edouard v. City of Long Branch, et al.**
      **Civil Action No. 17-3582 (PGS)**

Dear Counsel and Mr. Edouard:

The Court has reviewed your recent letters regarding the sufficiency of the discovery produced by Defendants. The Court has broad discretion in deciding discovery issues such as that raised by Plaintiff. *See United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017) (noting that "[a]s we have often said, matters of docket control and discovery are committed to [the] broad discretion of the district court"); *Halsey v. Pfeiffer*, Civil Action No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. Sept. 17, 2010) (noting that "[d]istrict courts provide magistrate judges with particularly broad discretion in resolving discovery disputes"); *Gerald Chamles Corp. v. Oki Data Americas*, *Inc.*, Civ. No. 07-1947 (JEI), 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]")

The Court exercised this discretion when it addressed Plaintiff's deficiency claims on the record during an in-person conference held on November 19, 2019. During same, the Court made rulings regarding what discovery it would require Defendants to produce. Despite, Plaintiff's

complaints about the information produced, it appears that Defendants fully complied with the Court's directives.  Indeed, even though the Court only required Defendants to produce work product for the assessments of 4 units in the Waterview Condominium Complex in Long Branch, after Plaintiff insisted that more information was necessary, Defendants voluntarily agreed to produce work product for the assessments of all 55 units in the Waterview Condominium Complex.  Defendants also have sought information from their insurance adjuster, and are awaiting the adjuster's response, after Plaintiff requested Defendants' insurance information.

The Court finds that Defendants have met the discovery obligations set forth in the Court's rulings made during the November 11, 2019 conference.  Plaintiff fails to explain how any of the information now sought falls within the scope of discovery set forth in the Court's rulings.  To the extent the information Plaintiff seeks is a public record, Plaintiff is not precluded from filing an OPRA request for same.  However, the Court shall not require Defendants to produce any additional information in discovery outside of the response they receive from their insurance adjuster.  Depositions are to commence.  Fact discovery is to be completed by **April 30, 2020**.  The parties are directed to submit a status update regarding discovery no later than **March 18, 2020**.

**IT IS SO ORDERED.**

                                                  s/ Tonianne J. Bongiovanni  
                                                  **TONIANNE J. BONGIOVANNI**  
                                                  **United States Magistrate Judge**